IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM HILL**,

      **Petitioner**,

v.                                   Civil Action No. 5:08cv146
                                        (Judge Stamp)

**KUMA J. DEBOO,**

      **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

### I. Factual and Procedural History

On September 18, 2008, the *pro se* petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Dckt. 1.) In the petition, the petitioner raises the following three questions:

(1) Is the petitioner entitled to credit toward his federal sentence for time spent in state custody after his federal sentence was issued?

(2) Are the petitioner's state and federal sentences considered related and thus, relevant conduct entitling the petitioner to have his convictions run concurrent under the United States Sentencing Guidelines Manual § 5G1.3(b)?

(3) Under the "concurrent sentence doctrine," is the petitioner entitled to have his counts of which he pled guilty to, run concurrent with each other?

On October 15, 2008, the undersigned conducted a preliminary review of the file and determined that summary dismissal of the petition was not warranted at that time. (Dckt. 10). Thus, the respondent was directed to show cause why the writ should not be granted. *Id.*

On November 14, 2008, the respondent filed a Response to Show Cause Order and Motion

to Dismiss or, in the Alternative, Motion for Summary Judgment. (Dckt. 12). In the motion, the respondent argues that the petitioner's sentence has been properly calculated and that § 2241 is not the appropriate avenue through which to challenge the imposition of a sentence. *Id.*

Because the petitioner is proceeding *pro se*, the Court issued a <u>Roseboro</u> Notice on November 17, 2008. (Dckt. 14). The petitioner filed a response to the respondent's motion on December 16, 2008. (Dckt. 16). Accordingly, this case is before the undersigned for a report and recommendation pursuant to LR PL P 83.09, <u>et</u> <u>seq</u>.

## II. **Petitioner's Conviction and Sentence**

On or about July 30, 1993, the petitioner robbed a First American Bank on Washington Boulevard in Arlington, Virginia. Petition at 2. In doing so, the petitioner used the threat of force and violence to intimidate a bank teller named Myteena Liberty. *Id.* As a result, the petitioner was charged with robbery by the State of Virginia and arrested on or about November 16, 1993. *Id.* The petitioner pleaded guilty to the robbery charge on March 8, 1994. *Id.*

On March 17, 1994, the petitioner was indicted by the United States District Court for the Eastern District of Virginia with four counts conspiracy to commit and solicit murder for hire in violation of 18 U.S.C. § 371 and one count causing interstate travel in commission of murder for hire in violation of 18 U.S.C. § 1958. *Id.* The petitioner pleaded guilty to counts one and two on May 23, 1994. *Id.* The remaining counts were dismissed. *Id.*

On July 1, 1994, the Arlington Circuit Court sentenced the petitioner to 17 years imprisonment. Resp't Memorandum (Dckt. 12) at 3.

On July 22, 1994, the petitioner was sentenced to 60 months imprisonment on count one and 120 months imprisonment on count two, the sentences to run consecutive to each other and to any

other sentence previously imposed. Resp't Ex. 1, Att. A.

### III. Standard of Review

**A. Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B. Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

## IV. Analysis

### A. Calculation of the Petitioner's Sentence

It is well established that the BOP is charged with the responsibility of sentence computation and other administrative matters regarding the length of a prisoner's confinement. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992) ( the Attorney General, through the BOP, has the responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General).

In this case, the petitioner argues that he is entitled to credit on his federal sentence for all time spent in custody after his federal sentence was imposed. In support of this claim, the petitioner

cites Germaine v. United States, 760 F.Supp. 41 (E.D.N.Y. 1991) for the proposition that a defendant is entitled to credit on his federal sentence "for time spent in state custody from date on which his federal sentence was issued until he was transferred to federal custody . . . particularly where court failed to consider or specify whether petitioners' federal sentence was to be concurrent or consecutive to any state sentence." Petition at 3 (quoting Germaine at 41). The petitioner asserts that because the judge was silent as to how his federal sentence would be served, his sentence must be considered concurrent with his state sentence. *Id.*

Pursuant to 18 U.S.C. § 3585(a), a sentence commences on the date a defendant is received into custody. Moreover, because the petitioner's federal sentence was imposed after November 1, 1987, prior custody credit is governed by 18 U.S.C. § 3585. A defendant can receive prior custody credit under § 3585(b) if:

> (1) he was in official detention because of the offense for which the sentence was imposed; or
>
> (2) he was in official detention as a result of another charge for which he was arrested after the commission of the current offense, if that time has not been credited against another sentence.

Here, the petitioner acknowledges that he was originally arrested by the States of Virginia. Petition at 2. After the petitioner pleaded guilty in state court, he was transferred to federal custody via a writ of habeas corpus ad prosequendum. Resp't Ex. 1 at ¶ 11. Therefore, the State of Virginia retained primary custody of the petitioner during his federal proceedings. United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998); see also Causey v. Civiletti, 621 F.2d 691 (5th Cir. 1980). In other words, the petitioner was merely "borrowed" from the State for purposes of making a plea and for sentencing. *Id.* After the petitioner's federal sentencing, he was returned to the State of Virginia to serve the remainder of his state sentence. Resp't Ex. 1 at ¶ 16. Thus, during the period in

5

question, the petitioner was in official detention pursuant to his state court conviction, not as a result of his federal offense, and that time has been awarded to his state sentence. The petitioner remained in the custody of the State of Virginia until September 22, 2004, the date he was paroled from his state sentence. Resp't Ex. 1 at ¶ 18. The petitioner was transferred to the custody of the Bureau of Prisons ("BOP") on that date. Resp't Ex. 1 at ¶ 19. Therefore, the BOP has calculated the petitioner's sentence as commencing on September 22, 2004. *Id.*

For these reasons, the petitioner has been awarded all the credit to which he is entitled on his federal sentence and his sentence has been properly computed. Moreover, the petitioner's reliance on Germaine v. United States, *supra*, is misplaced. The petitioner's federal sentence is not silent as to whether it is concurrent or consecutive to his state sentence. The petitioner's Judgment and Commitment Order clearly states that his federal sentence runs consecutive to "any sentence previously imposed." Resp't Ex. 1, Att. A at 2.

**B.   Consecutive Nature of the Petitioner's State and Federal Sentences**

In grounds two and three of the instant petition, the petitioner challenges the manner in which his sentence was imposed. In particular, the petitioner asserts that pursuant to U.S.S.G. § 5G1.3(b), his two federal sentences should have been imposed concurrent with each other and concurrent with his state sentence.

However, the primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the

petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In this case, the basis for petitioners' ground two and three were available at the time of his direct appeal, and at the time he filed his § 2255 petition with the sentencing court. Moreover, the petitioner has not shown that he meets any of the Jones requirements. Consequently, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, and he improperly seeks relief for grounds two and three under § 2241.

## V. Recommendation

For the reasons set forth herein, the undersigned recommends that the respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (dckt. 12) be **GRANTED** and the petitioner's § 2241 habeas petition (dckt. 1) be **DENIED** and **DISMISSED with prejudice**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge for the Northern District of West Virginia. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: May 20, 2009.

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE