IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM HILL,

    Petitioner,

v.                                                       Civil Action No. 5:08CV146
                                                                          (STAMP)

KUMA J. DEBOO,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] petitioner, William Hill, robbed a First American Bank in Arlington, Virginia, using the threat of force and violence to intimidate a bank teller. As a result, the State of Virginia charged the petitioner with robbery, to which the petitioner pleaded guilty, and the Arlington Circuit Court sentenced the petitioner to seventeen years imprisonment.

Thereafter, the petitioner was convicted in the United States District Court for the Eastern District of Virginia with one count of conspiracy to commit and solicit murder for hire in violation of 18 U.S.C. § 371 ("Count One"), and one count causing interstate travel in commission of murder for hire in violation of 18 U.S.C. § 1958 ("Count Two"). The petitioner was sentenced to 60 months imprisonment on Count One and 120 months imprisonment on Count Two,

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

to run consecutive to each other and to any other sentence previously imposed.

Now, the petitioner has filed an application for habeas corpus pursuant to 28 U.S.C. § 2241 raising three issues: (1) whether he is entitled to credit toward his federal sentence for time spent in state custody after his federal sentence was issued; (2) whether his state and federal sentences are considered related, and thus, entitle the petitioner to have his convictions run concurrent under United States Sentencing Guidelines Manual § 5G1.3(b); and (3) whether he is entitled to have his counts to which he pleaded guilty run concurrent with each other under the "concurrent sentence doctrine."

This matter was referred to United States Magistrate Judge David J. Joel for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09. In response to a show cause order, the respondent filed a motion to dismiss, or in the alternative, a motion for summary judgment, arguing that the petitioner's sentence has been properly calculated and that a § 2241 petition is not an appropriate avenue to challenge the imposition of his sentence. The petitioner filed a response to which the respondent did not reply.

Following review of the pleadings, the magistrate judge issued a report and recommendation recommending that the respondent's motion to dismiss, or in the alternative, motion for summary judgment be granted, and that the petitioner's § 2241 petition be

denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The petitioner did not file objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See <u>Webb v. Califano</u>, 458 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the petitioner did not file objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

A. <u>Issue One: Calculation of the Petitioner's Sentence</u>

In his § 2241 petition, the petitioner argues that he is entitled to credit on his federal sentence for all time spent in custody after his federal sentence was imposed. Specifically, the petitioner cites <u>Germaine v. United States</u>, 760 F. Supp. 41 (E.D.N.Y. 1991), for the proposition that a defendant is entitled

to credit on his federal sentence "for time spent in state custody from date on which his federal sentence was issued until he was transferred to federal custody . . . particularly where court failed to consider or specify whether petitioners' federal sentence was to be concurrent or consecutive to any state sentence." (Pet. at 3 (quoting <u>Germaine</u>, 760 F. Supp. at 41) (internal quotations omitted)). Alleging that the judge was silent as to how the petitioner's federal sentence would be served, the petitioner states that his sentence must run concurrent with his state sentence. The magistrate judge held that the petitioner has been awarded all the credit to which he is entitled and that his federal sentence has been properly calculated. This Court holds that the magistrate judge's recommendation is not clearly erroneous.

Title 18, United States Code, Section 3585 governs the calculation of a term of imprisonment and provides:

> (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention <u>prior to the date the sentence commences</u>-
>
>> (1) as a result of the offense for which the sentence was imposed; or

>     (2) as a result of any other charge for which
>     the defendant was arrested after the
>     commission of the offense for which the
>     sentence was imposed;

that has not been credited against another sentence. 18 U.S.C. § 3585 (emphasis added). The operation of § 3585(b) serves to inform the inquiry under § 3585(a). Stated differently, if a defendant receives credit under § 3585(b) for previous time served, a determination must necessarily have already been made that such previous time was served before the federal sentence commenced under § 3585(a) and that such time was not already credited against another sentence.

Here, the petitioner was originally arrested by the State of Virginia, and after pleading guilty in state court, was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum. Because the petitioner was considered "borrowed" from the State of Virginia for purposes of making a plea and for sentencing in federal court, the State of Virginia retained primary custody of the petitioner during these federal proceedings. United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998); see also Causey v. Civiletti, 621 F.2d 691 (5th Cir. 1980). Following the petitioner's federal sentencing, he was returned to the State of Virginia to serve the remainder of his state sentence, where he remained in the custody of the State until the date of his parole on September 22, 2004. Thus, the petitioner was in official detention pursuant to his state court conviction, not his federal

5

sentence, and that time has been properly awarded to his state sentence.

Furthermore, the petitioner's reliance on Germaine is misplaced, as the petitioner's Judgment and Commitment Order clearly states that his federal sentence runs consecutive to "any sentence previously imposed." (Resp't's Br. Ex. 1.) Accordingly, this Court finds no clear error in the magistrate judge's recommendation that because the petitioner has been awarded all the credit to which he is entitled on his federal sentence and his sentence has been properly computed, Issue One is without merit.

B. <u>Issues Two and Three: Consecutive Nature of the Petitioner's State and Federal Sentences</u>

The magistrate judge found that the petitioner improperly seeks relief for Issues Two and Three because the petitioner's claims are not properly raised under § 2241 by challenging the manner in which his sentence is being executed. This Court finds no clear error in the magistrate judge's report and recommendation.

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by a § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision. <u>In re Vial</u>, 115 F.3d at 1194 n.5 (citing <u>Tripati v. Henman</u>, 843 F.3d 1160, 1162 (9th Cir. 1988)).

6

Rather, a § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328 (4th Cir. 2000).

In this case, the petitioner has failed to establish the elements required by Jones. Specifically, 18 U.S.C. §§ 371 and 1958, the substantive laws under which the petitioner was convicted, have not changed since the date of the petitioner's conviction such that the petitioner's conduct would no longer be deemed criminal. Therefore, the petitioner cannot satisfy the second prong of the Jones test, and the magistrate judge's report and recommendation concerning Issues Two and Three is not clearly erroneous.

## IV. Conclusion

Because the petitioner has not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the respondent's motion to dismiss, or in the alternative, motion for summary judgment is GRANTED, and the

petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: June 18, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE